IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DERRICK ALAN GOBEL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:14cr56<br><br>Chief District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

      This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Derrick Alan Gobel's ("Defendant") motion for discovery.[2]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

      Defendant seeks an order requiring the United States of America ("Government") to produce certain records regarding the Layton City Police Department's ("Layton") Police Service Dog ("PSD"), "Trus," as well as records regarding Trus's handler, Officer Kelley.  In particular, Defendant requests Layton's PSD training manuals, records of Trus's false positive indications, Trus's certification records, Officer Kelly's certification records and training

---

[1] *See* docket no. 13.

[2] *See* docket no. 10.

regarding unintentional handler cues, records regarding false positive results obtained by Officer Kelley.

In response, the Government contends that Layton does not have or maintain PSD training manuals and that the Police Officer Standards and Training ("POST") is the only keeper of these records. The Government states that Defendant may seek these materials through a GRAMA request directly to POST. The Government further indicates that it has provided all the records regarding Trus's and Officer Kelley's certification and training, including training regarding unintentional handler cues. The Government further indicated that neither Layton or Officer Kelley maintain records regarding false positive indications or alerts.

Because it appears that the Government has provided all of the requested records and materials in its possession or has indicated that no such records exist, Defendant's motion is **DENIED**.

DATED this 23rd day of February, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge