**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **DERRICK ALAN GOBEL,** Defendant. | **MEMORANDUM DECISION AND ORDER** Case No. 1:14cr56 **Chief District Judge David Nuffer** **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Derrick Alan Gobel's ("Defendant") motion seeking discovery of Brady-Giglio material and ordering the United States of America ("Government") to comply with DUCrimR 16-1.[2]

Defendant seeks discovery regarding the Government's potential witnesses in this case, as well as information regarding another federal criminal case against him. The court will address each category of discovery below.

(1) Defendant seeks information regarding any promises of immunity, leniency, preferential treatment, or other inducements made to any potential Government witness. The Government states that no promises have been given to any of its likely or potential witnesses. As such, this request is deemed **MOOT**.

---

[1] *See* docket no. 13.

[2] *See* docket no. 28.

(2)  Defendant seeks information regarding any actual or implied threats of investigation or prosecution made to any potential Government witness.  The Government has responded that no threats have been made.  Accordingly, this request is likewise deemed **MOOT**.

(3)  Defendant seeks the name and current whereabouts of any witness the Government does not anticipate calling at trial.  The Government contends that this request is premature because this matter is not currently set for trial and it has not determined who will be testifying at trial.  The Government indicates that it will certainly provide that information once it determines who it will call to testify at trial.  Thus, Defendant's request is **GRANTED IN PART AND DENIED IN PART**.  The Government is not required to use its resources to obtain this information now.  Once it determines who will testify at trial, the Government shall provide the requested information to Defendant's counsel.

(4)  Defendant further requests the criminal histories of potential Government witnesses.  The Government responds that Defendant has failed to demonstrate relevance or a need for these witnesses' entire criminal histories.  The Government states that it can disclose any conviction that may be relevant but it objects to turning over these witnesses entire criminal histories.  The court disagrees with the Government and, as such, Defendant's request is **GRANTED**.  The Government shall disclose the criminal histories of its witnesses.  Such histories are necessary for review for possible impeachment, and the trial judge can assure that no improper use is made of said histories.

(5)  Defendant seeks records and/or transcripts showing false or incomplete testimony.  The Government states that it does not currently have such information.  However, the

Government indicates that if and when such information become known or available, it will provide it to counsel. Thus, Defendant's request is **GRANTED**.

(6) Defendant seeks any government agency files or other information relating to the Government's witnesses' credibility, including information regarding their mental and physical health and their drug or alcohol use or dependency. The Government objects to this request as being overly broad. The court agrees. However, to the extent that the Government has such information that could be construed as Giglio information for impeachment purposes, it is ordered to provide it. Defendant's request is **GRANTED** to the extent that such information exists.

(7) Defendant requests information related to any previous complaints against the officers involved in this case. The Government objects on the grounds that this information is irrelevant as this case does not involve complaints of an illegal arrest, racial discrimination, use of excessive force or harassment  However, the Government does not object to providing information regarding substantiated complaints involving officer dishonesty. The court agrees with the Government. Thus, to the extent that complaints involving an officer's dishonesty exist, the Government shall disclose it to defense counsel. Accordingly, Defendant's request is **GRANTED IN PART AND DENIED IN PART**.

(8) Defendant seeks a list of all witnesses to be called by the Government. The Government objects to the request as being premature but indicates that it will provide that information after expiration of the plea negotiation deadline. The court agrees and, as such, Defendant's request is **GRANTED IN PART AND DENIED IN PART**. Once it determines

who will testify at trial, the Government shall provide the requested information to Defendant's counsel.

(9)  Defendant requests all exhibits the Government intends to present and introduce at trial.  Again, the Government objects to the request as being premature but indicates that it will provide that information after expiration of the plea negotiation deadline.  The court agrees, and as such, Defendant's request is **GRANTED IN PART AND DENIED IN PART**.  Once it determines what exhibits it intends to present at trial, the Government shall provide that information to Defendant's counsel.

(10)  Defendant requests all photographs taken of him, including booking photos or photos taken after he was booked.  The Government states that it has provided all photographs taken on the night in question, none of which include Defendant.  It objects to providing a booking photo on the grounds of relevance.  The court agrees.  Accordingly, Defendant's request is **DENIED**.

(11)   Defendant requests discovery relating to another criminal matter involving him before Judge Ted Stewart, case no. 2:14cr517.  As noted by the Government, the instant case involves charges of felon in possession, possession of a stolen firearm, and possession of user quantities of methamphetamine and marijuana.  Case no. 2:14-cr-517 deals with possession of distributable quantities of methamphetamine, which occurred months later in the St. George area.  The Government objects on the basis of relevance.  The court agrees with the Government.  Because Defendant has failed to demonstrate a nexus between the cases, there is no reasonable basis for ordering the Government to disclose this information.  As such, Defendant's request is **DENIED**.

Based on the foregoing, Defendant's motion is **GRANTED IN PART AND DENIED IN PART** as set forth above.

DATED this 1st day of September, 2015.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge